UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09CR00048-01 |
| VS. | : | JUDGE MINALDI |
| FRANCISCO DIAZ ARTEAGA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 137). The Government filed n Answer (Rec. Doc. 141). The defendant filed a Reply (Rec. Doc. 143).

Procedural History

On September 6, 2011, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction but vacated the sentence and remanded the case to the district court. The Fifth Circuit found that there was sufficient evidence to support the defendant's convictions for felon in possession of a firearm and possession of a stolen firearm. The Fifth Circuit found that Arteaga was subject to the Armed Career Criminal Act ("ACCA") and remanded the case for resentencing under 18 U.S.C. §924(e).

After he was resentenced, Arteaga appealed his conviction again. The Fifth Circuit dismissed this appeal as frivolous. The judgment was entered into the district court record on May 22, 2013.

On November 18, 2013, the defendant filed a motion to Vacate, Set Aside, or Correct Sentence. This motion was denied and this court denied a certificate of appealability. (Rec. Doc.

106, 122-123).

On June 15, 2015, the Fifth Circuit denied a certificate of appealability (Rec. Doc. 133). On June 26, 2015, the case of *Johnson v. United States*, 135 S.Ct. 2551 was decided. In *Johnson*, the Supreme Court held that the residual clause of the ACCA's "violent felony" definition is void for vagueness. On August 6, 2015, Arteaga filed a motion for reconsideration based upon *Johnson*. The Fifth Circuit considered this motion a request to file a successive §2255 motion and granted the motion. The defendant filed the instant §2255 motion on October 19, 2015.

While granting permission to file a successive §2255 motion, the Fifth Circuit specifically noted that it was not deciding whether *Johnson* applied retroactively. Subsequent to the granting of permission to file the successive §2255, the case of *In re Williams*, 806 F.3d 322 (5th Cir. 2015) was decided. In *Williams*, the Fifth Circuit held that *Johnson* is not retroactively applicable to cases on collateral review. While this court notes that the government disagrees with this holding, this is a moot point as, in the defendant's reply, he attached an order issued October 14, 2015 (Rec. Doc. 136) in which the Fifth Circuit withdrew its permission to file the successive §2255 and reinstating the motion to reconsider. Then, on December 22, 2015 (Rec. Doc. 142), the Fifth Circuit issued a judgment denying the motion for reconsideration of the denial of Arteaga's motion for a certificate of appealability from the district courts decision of July 30, 2014, both as filed and as recast as a motion to file a successive Section 2255 motion. Accordingly, this court is without jurisdiction to consider the pending motion and it will be dismissed.

Lake Charles, Louisiana, this _8_ day of February, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:09CR00048-01 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| FRANCISCO DIAZ ARTEAGA | : | MAGISTRATE JUDGE KAY |

### JUDGMENT

In accordance with the corresponding Memorandum Ruling, for the reasons set forth therein,

IT IS ORDERED that the defendant's Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 137) IS DISMISSED.

Considering the record in this case and the requirements of 28 U.S.C. § 2255, the court hereby finds that a certificate of appealability is DENIED because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

Lake Charles, Louisiana, this _8_ day of February, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE